(71 South. 765)

No. 21803.

CALCASIEU TRUST & SAVINGS BANK v. WETHERELL, Assessor, et al.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. STATUTES ⊜121(1)—SUBJECTS AND TITLES —TAXATION.

The general object of Act No. 182 of 1906 is to provide a mode for the equalization of assessments, which object is clearly enough expressed in its title; and section 3 of the act, declaring that each taxpayer shall make a sworn return of his property, prior to April 1st of each year, upon penalty of being estopped from contesting the correctness of the assessment, is one of the means provided for the establishment of a basis for the action of the board, created by the act and charged with the accomplishment of its object. The act does not, therefore, contravene article 31 of the Constitution by reason of the inclusion therein of section 3.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 146, 173; Dec. Dig. ⊜121(1).]

2. STATUTES ⊜141(2)—AMENDMENT—REPUBLICATION.

Act No. 182 of 1906 is a piece of independent legislation which does not purport to amend or re-enact any law, but repeals all laws in conflict or inconsistent with its provisions. It does not therefore come within the meaning of article 32 of the Constitution.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 48, 209; Dec. Dig. ⊜141(2).]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by the Calcasieu Trust & Savings Bank against S. P. Wetherell, Assessor, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

McCoy & Moss, of Lake Charles, for appellant. James A. Williams, City Atty., of Lake Charles, for appellees City of Lake Charles and A. W. Carlson, Tax Collector. Edwin F. Gayle and James A. Williams, both of Lake Charles, for appellees Lake Charles School Board. T. A. Edwards, Dist. Atty., of Lake Charles, and J. H. Jackson, Asst. Dist. Atty., of De Ridder, for appellees Capdeville, State Auditor, Wetherill, Assessor, and Reid, Tax Collector.

### Statement of the Case.

MONROE, C. J. Plaintiff seeks to have corrected its assessment for the year 1913 by requiring the assessor to assess it upon certain lands which were owned by it on January 1st of that year (sold on February 6th, and thereafter assessed to its vendee) and deducting the land assessment from the assessment, as made upon its capital and surplus. It is met by pleas of no right or cause of action and estoppel, based on its failure to allege compliance with section 3 of Act 182 of 1906, and the fact of its noncompliance. That section reads as follows:

"That it shall be the duty of each taxpayer, the parish of Orleans excepted, to fill out a list of his property and make oath to its correctness, in the manner and form prescribed by existing laws and return the same to the assessor, on or before the first day of April of each year, in default of which, for any cause whatever, he shall be estopped from contesting the correctness of the assessment list filed by the assessor."

### Opinion.

It is admitted that no sworn list was returned by plaintiff as thus required, but plaintiff attacks the law requiring such list, as in contravention of articles 31 and 32 of the Constitution, which declare that:

"Art. 31. Every law * * * shall embrace but one object and that shall be expressed in its title.
"Art. 32. No law shall be revived, or amended by reference to its title, but in such cases, the act revived, or section as amended, shall be reenacted and published at length."

[1, 2] The act of which the section quoted forms part does not purport to amend or reenact any law, but is an independent statute, which declares that all laws or parts of laws in conflict, or inconsistent, with its provisions are repealed. Article 32 of the Constitution has therefore no application to it. It is entitled:

"An act to provide a mode of equalizing assessments levied on all classes of real and personal property in the state of Louisiana (except as provided by article 226 of the Constitution); to create a * * * board of equalization, to prescribe its duties and powers, to fix the time and place of its meetings, to fix the compensation of its members, to provide for carrying into effect the provisions of this act and repealing all laws in conflict with or inconsistent with its provisions."

The statute confers upon the board created by it the power, within certain limits, to increase or reduce assessments, with a view to their equalization, and, as establishing a basis for its action, prescribes certain conditions relating to the finality of assessments, in order that it may be informed as to the time and circumstances at and under which it shall deal with them. The general object is expressed clearly enough in the title, and the condition prescribed by section 3 is one of the several means provided for its accomplishment.

We find no conflict between it and the article 31 of the Constitution, and the judgment appealed from is accordingly affirmed.